[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

No. 11-11350
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-20631-JAL

HAROLD BROWN,

Plaintiff-Appellant,

versus

JORGE L. PASTRANA,
et al.,

Defendants,

LT. WARREN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Harold Brown, a federal prisoner, filed a *pro se*[1] civil rights complaint against Jorge Pastrana, Andre Warren, and the Federal Bureau of Prisons (BOP),[2] under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), arising out of an incident where Brown fell approximately eight feet from a bunk ladder in his prison cell. Brown appeals: (1) the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of his claims concerning the conditions of his confinement; and (2) the district court's grant of summary judgment in favor of Warren as to Brown's claim of deliberate indifference to his serious medical needs.[3] After review, we affirm the district court.

I.

---

[1] "*[P]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

[2] The BOP is not a proper party, as only individuals can be sued under *Bivens. See FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994).

[3] Although Brown argued in his complaint that Pastrana was deliberately indifferent to his serious medical needs by denying his request for a MRI and specialty care, he has abandoned this issue on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."). Brown's complaint also alleged Pastrana told him to "tuff it out" after he submitted a grievance concerning the lack of medical care. Brown does not develop this argument on appeal; regardless, the comment allegedly made by Pastrana would not present an actionable constitutional claim.

Brown argues the district court erred in dismissing his claims relating to the conditions of his confinement. He contends being required to climb a steep ladder to and from his bed, sleeping approximately eight feet about the floor in a bed without railings, and not having a "panic button" in his cell, constituted a violation of his Eighth Amendment rights.

We review *de novo* appeals from a 28 U.S.C. § 1915(e)(2)(B)(ii) *sua sponte* dismissal for failure to state a claim. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). A complaint fails to state a claim when, taking the allegations of the complaint as true, it does not appear that a claim to relief "is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This Court reviews the denial of injunctive relief for an abuse of discretion. *Siebert v. Allen*, 506 F.3d 1047, 1049 n.2 (2007).

Generally, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To mount a challenge to a condition of confinement, a prisoner must first prove "the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "The challenged condition must be extreme;" at the very least, the prisoner must show the condition of his confinement

"poses an unreasonable risk of serious damage to his future health or safety." *Id*. (quotations and alteration omitted). The prisoner must also show the prison officials acted with deliberate indifference to the condition at issue. *Id*.

Here, Brown's allegations do not satisfy the first part of the Supreme Court's test because he has failed to show "the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler*, 379 F.3d at 1289. The conditions he challenges—sleeping approximately eight feet above the floor without a panic button or railings—do not violate contemporary standards of decency, and thus, do not constitute cruel and unusual punishment under the Eighth Amendment. *See Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) ("Only a deprivation which denies 'the minimal civilized measure of life's necessities' is grave enough to violate the Eighth Amendment.") (citation omitted). Additionally, because Brown has failed to allege a constitutional violation regarding his conditions of confinement, the court did not abuse its discretion in dismissing his request for injunctive relief. *See Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010) (holding that, to obtain injunctive relief, the moving party must show he has prevailed in establishing the violation of the right asserted in his complaint).

II.

4

Brown next contends the district court erred in granting Warren's motion for summary judgment on the basis of qualified immunity as to his claim of deliberate indifference to his serious medical needs. Brown claims the district court made factual findings against him and in favor of Warren.

This Court reviews *de novo* a district court's order granting summary judgment based on qualified immunity. *Bryant v. Jones*, 575 F.3d 1281, 1294 (11th Cir. 2009). In doing so, this Court does not make credibility determinations or choose between conflicting testimony, but instead accepts the plaintiff's version of the facts, drawing all justifiable inferences in his favor. *Bozeman v. Orum*, 422 F.3d 1265, 1267 (11th Cir. 2005). Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Qualified immunity shields government officials exercising discretionary functions from civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). After the court concludes the official was acting in a discretionary capacity, "the burden shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity." *Doe*

5

*v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010).[4] A

plaintiff satisfies this burden by showing: (1) a constitutional right was violated by

the defendant, and; (2) at the time of the alleged violation, this right was clearly

established. *Id*.

In this Circuit, a right can be clearly established only by decisions of the U.S.

Supreme Court, the Eleventh Circuit, or the highest state court where the case

arose. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1184 (11th Cir. 2009). To be

clearly established, a law must provide a reasonable official with fair warning that

his actions violate a protected right. *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th

Cir. 2011). "Exact factual identity with a previously decided case is not required,

but the unlawfulness of the conduct must be apparent from pre-existing law." *Id*.

Viewing the facts in the light most favorable to Brown, the record establishes

that, in April of 2006, Brown fell approximately eight feet while attempting to

climb down a ladder attached to his bunk bed. After arriving at Brown's cell, an

officer informed Warren of Brown's condition, and based on that information,

Warren declined to provide emergency medical assistance. Rather, Warren

instructed Brown to wait until medical staff arrived at the facility, resulting in a

---

[4] Brown does not contest that Warren's actions were discretionary; thus, we need not address this element of the qualified immunity analysis. *See Timson*, 518 F.3d at 874.

delay in treatment of approximately one hour.[5]  Brown was subsequently treated

and given ibuprofen and a cane.

We assume without deciding that Warren's conduct constituted deliberate

indifference to a serious medical need in violation of Brown's constitutional rights.

Regardless, Brown is unable to establish that, as of April 2006, the law provided "a

reasonable official with fair warning that his actions violate a protected right."

*Coffin*, 642 F.3d at 1013.[6]  We agree with the district court that a reasonable

official lacked fair warning that immediate medical assistance was necessary for a

person in Brown's condition, and treatment approximately one hour later—for the

purpose of permitting the medical staff to arrive at the facility, who were due to

arrive shortly—would violate Brown's constitutional rights.  *See, e.g., Youmans v.*

*Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (noting that, as of June 2007, it was not

clearly established that a four-hour delay for the purpose of booking and

---

[5]  Although the facts alleged by Brown indicate an hour and a half delay, we only draw inferences in his favor "to the extent supportable by the record."  *See Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007).  Here, the log book indicated Warren was informed that Brown had fallen from his bunk at 5:30 a.m., and the medical staff's affidavit indicated he was evaluated at 6:30 a.m.  Regardless, an extra thirty minute delay would be inconsequential to our resolution of this case.

[6]  We are free to consider the elements of qualified immunity in any sequence and to decide the case on the basis of either element that is not demonstrated.  *See Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009).

interviewing a pretrial detainee suffering from cuts and abrasions following a police beating constituted a constitutional violation).

**AFFIRMED.**